# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

TERRY S. CONNER,

    Petitioner,

v.                                     CASE NO: 8:11-CV-165-T-30EAJ

SECRETARY, DEPARTMENT OF
CORRECTIONS and ATTORNEY
GENERAL, STATE OF FLORIDA,

    Respondents.
_____/

## ORDER

Petitioner, an inmate in the Florida penal system proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 (Dkt. #1). The Court has considered the petition, Respondents' response (Dkt. #10) and Petitioner's reply (Dkt. #14). Upon review, the Court determines that the petition should be denied.

## BACKGROUND

Conner was charged with two counts of robbery and one count of attempted robbery in Pinellas County, Florida for the robbery of the Colonial Bank in St. Petersburg on October 9, 2007. The factual background was described by the state in open court during pre-trial proceedings as follows:

> THE COURT: So what are the facts of these cases?
>
> MR. KOSKINAS: Judge, as to these cases - - let's see. The defendant committed the robberies on October 9th of 2007. Essentially, Judge, what had happened

is defendant entered a Colonial Bank wearing a green mask, carrying a plastic gun. The three tellers, at that time, approached the defendant. The defendant demanded money. They knew the gun apparently was not real and two of them thought - - or one of the tellers thought the gun was not real, two of them thought that the gun, in fact, was real. The defendant goes to the first teller, her name is Sharon Green, demands money. She was in fear. He pointed this item at her chest. She in turn hands the defendant U. S. currency that she'd received from the bank. The defendant then goes to a different teller, Erica Bush. She didn't have any money in her register and he was not able to successfully demand or force any money from her. The defendant then throw the key on the floor when he doesn't receive the money and the teller then hits the alarm for the bank. The defendant then goes to a third teller, her name was Melissa Mauer. She produces currency and part of which includes a dye pack. Defendant exits the bank; he's seen by various patrons of the bank that he had been at the drive-thru window. The dye packs then go off. The law enforcement, Saint Petersburg Police Department immediately responds and K-9 locates the defendant hiding in the bushes very close proximity to the bank. Inside the bushes with the defendant is $3,900 in U.S. currency that in which he had taken from the bank in addition to the mask, it was a green goblin mask that he'd been wearing throughout the course of the robbery. That was in the bushes with the defendant as well in addition to the dye pack and the results would have been produced from the dye pack on the defendant as well as the items that he had received. And post-*Miranda* the defendant invokes so there were no statements. But he was, Judge, identified multiple - - by multiple parties in association with the items that were discovered with him at the time he was ultimately located. And I believe, Judge, there is

> surveillance video of the offense as well, although I haven't personally viewed it. I know that we've ordered it and it does exist. The money was returned to the bank, Judge.

Exhibit A to Petition (Dkt. #1), pp. 22-24.

After Conner's arrest on October 9, 2007, the Public Defender's office was appointed to represent him. The state filed notices of enhanced penalty based on Conner's qualification as a prison releasee reoffender (PRR) subjecting Conner to a minimum mandatory sentence of thirty years on the two robbery charges.

The state court held hearings on April 21, 2008, July 31, 2008, and set trial for August 13, 2008. At the April 21st hearing, Defendant Conner's counsel made a plea negotiation offer to the state. The state asked that it be put in writing and defense counsel agreed. Defense counsel acknowledged that she had waived speedy trial on Conner's behalf. Even though Conner had approved the plea negotiation offer to the state, he objected to his counsel's waiver of speedy trial and demanded that a speedy trial be set.

On May 12, 2008, Conner filed *pro se* a motion to discharge his counsel, motion to dismiss under the Florida speedy trial rule, and Notice of the expiration of the speedy trial time period. On July 31, 2008, the trial court ruled that, since Conner was represented by counsel, his *pro se* motions were a nullity except for his motion to discharge counsel. The judge appointed a psychologist to examine Conner for competency and, upon receipt of the report of competency, discharged counsel and allowed Conner to proceed *pro se*.

On August 13, 2008, the day of trial, Conner entered a written plea of no contest in exchange for a sentence of thirty years incarceration and reserved "the right to appeal all

issues." The Public Defender's office filed a timely notice of appeal followed by an *Anders*[1]
brief raising two issues:

> **Issue One:** Whether the trial judge erred in regard to the motions to discharge counsel, and
>
> **Issue Two:** Whether the trial judge erred in denying Conner's motions regarding the expiration of speedy trial.

Conner was invited to file his own brief to supplement the Public Defender's *Anders* brief but he failed to do so. The state appellate court affirmed without written decision. *Conner v. State*, 25 So.3d 1232 (Fla. 2d DCA 2009) [table]. Conner did not seek rehearing or petition for certiorari review.

Conner timely filed his § 2254 habeas petition with this Court on January 24, 2011, raising three issues which, in his words, are:

> **Ground One:** Violation of U.S. Constitution Right to Speedy trial 180 Days and Violation of fast and Speedy Trial 60 days.
>
> **Ground Two:** Ineffective Assistance of Counsel by violation U. S. Const. Rights.
>
> **Ground Three:** Trial Judge threatened the Plaintiff in open Court.

In his Reply, Conner withdrew ground two.

## STANDARD OF REVIEW

Conner has filed his petition under 28 U.S.C. § 2254. That statute provides this Court shall not entertain an application for writ of habeas corpus unless the petitioner is in state custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C.

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

§ 2254(a). And, before bringing his federal petition, a state prisoner must exhaust all state court remedies that are available. 28 U.S.C. § 2254(b), (c). That is, a petitioner must fairly present the U. S. Constitutional nature of each issue to the state's highest court either on direct appeal or on collateral review. *Castille v. Peoples*, 489 U.S. 346 (1989). Failure to do so results in the Petitioner being procedurally barred from filing the issue with this Court. The only exception is through a showing of caus for and actual prejudice from the default, or the kind of fundamental miscarriage of justice occasioned by a constitutional violation that resulted in a conviction of defendant who was "actually innocent." *Wainwright v. Sykes*, 433 U.S. 72 (1977).

## DISCUSSION

**Ground One:** Violation of U.S. Constitution Right to Speedy trial 180 Days and Violation of fast and Speedy Trial 60 days.

In ground one, Conner, for the first time, claims the state court's ruling on his request for a speedy trial violated his rights to a speedy trial under the U. S. Constitution. All of his prior arguments, both to the state trial court and on appeal, concerned whether the trial court erred in denying his motion for a speedy trial under Florida Rule of Criminal Procedure 3.191. For example, his appellate attorney in his *Anders* brief summarized Conner's argument as follows:

> In this case however, the appellant's arguments appear to include that regardless of any prior waiver of speedy trial by attorney Brown, he "start[ed] the clock running again," either by his verbal demand on April 21st, 2008, or by his notice of expiration of speedy trial filed on July 3rd, 2008, or possibly by his motion to dismiss attorney Brown, filed in the lower court on May 12th, 2008. As with other potential issues discussed in this brief, since the appellant

> has expressed a desire to present his own brief on appeal, he should probably discuss this issue or issues further as well in that brief.

Appeal brief, Exhibit B to Petition (Dkt. #1), pp. 31-32. The brief does not mention Conner's speedy trial rights under the U. S. Constitution, nor cite a single federal case on the issue. Conner himself failed to file his own supplemental brief.

This ground fails for several reasons. First, it is purely a state law issue which is not cognizable in this Court on a federal habeas petition. Second, the U. S. Constitutional nature of the claim is not exhausted in state court and is therefore procedurally barred here. And, even if the issue had been properly presented to this Court, it would have failed on the merits.

Whether the state trial court properly ruled on the applicability of a Florida Rule of Criminal Procedure is strictly a matter of state law. A state's interpretation of its own rules or statutes does not raise a federal constitutional issue. *Wainwright v. Goode*, 464 U.S. 78 (1983), *reh'g denied*, 465 U.S. 78 (1984). It is only issues concerning rights under the Constitution, laws, or treaties of the United States that are cognizable in federal court on a § 2254 habeas petition. *See Davis v. Wainwright*, 547 F.2d 261 (5th Cir. 1977) (no relief for violation of state speedy trial rule).

Second, since Conner did not argue the U. S. Constitutional nature of the speedy trial issue in state court, he is now procedurally barred from raising it here. A state court's compliance with Florida Rule of Criminal Procedure 3.191 is not the same as whether a state trial court affords a defendant his speedy trial rights guaranteed by the Fifth Amendment of the U. S. Constitution. So, arguments raised concerning a state rule of criminal procedure is not sufficient to raise a question about one's federal constitutional rights. A state prisoner

must fairly present the federal nature of his claims to the state court and failure to do so bars him from raising the issue on a federal habeas petition. *Duncan v. Henry*, 513 U.S. 364 (1995). Conner does not argue that he is entitled to any exception to the procedural default. He has not argued the existence of any cause or prejudice to avoid the conclusive effect of his procedural default.

Finally, even had Conner properly raised the issue below, it would have failed on the merits. The U. S. Constitution grants a defendant the right to a "speedy" trial, but there is no requirement that the trial be held within a certain number of days. It is "a more vague concept than other procedural rights." *Barker v. Wingo*, 407 U.S. 514 (1972). The inquiry about whether the delay between the time of arrest and trial has prejudiced a defendant generally does not begin to be considered until the delay has reached one year. *Doggett v. United States*, 505 U.S. 647, 652 n.1 (1992). Here, Conner was arrested on October 9, 2007, and was scheduled for trial on August 13, 2008. Conner has not shown that that ten month period between time of arrest and trial to have prejudiced him in any way. Therefore, his right to a speedy trial under the U. S. Constitution was not violated.

**Ground Three:**  Trial Judge threatened the Plaintiff in open Court.

In support of ground three, Conner states:

> During a hearing the Plaintiff Requested in open court to fire Public Counsel and have a fast and Speedy trial. Trial Removed the Defendant Stated Be Careful What You ask for Speedy trial. Plaintiff filed Motion to dismiss the Counsel under Rule Once filed it Prevals. Court Waited Several Months to another hearing Trial Judge once.

Petition (Dkt. #1), p. 9.

Conner is apparently referring to a statement made by the Court during the April 21st, 2008, hearing after Conner said he wanted a trial. The Court sought a clarification of the potential penalty the state would be seeking and then scheduled a trial date:

> THE COURT: And the penalty that you're seeking after a jury trial is 30 minimum/mandatory or is it a life?
>
> MR. KOSKINAS: Well, Judge, it's - -
>
> THE COURT: PRR first-degree felony - -
>
> MR. KOSKINAS: This is 30 and he's a habitual offender but it wasn't a firearm. The way we've got it charged is two first degree-felonies. So aside from the habitual offender status, he's looking at a 30-year prison releasee reoffender, at a minimum, up to - -
>
> THE COURT: So is he just a PRR or is he also habitual?
>
> MR. KOSKINAS: No, Judge, he is also a habitual offender.
>
> THE COURT: All right. So as a habitual, he can be sentenced to life.
>
> MR. KOSKINAS: Yes.
>
> THE COURT: On the robbery, first degrees and 30 on the other robberies.
>
> MR. KOSKINAS: He certainly can be, Judge.
>
> THE COURT: Okay.
>
> MR. KOSKINAS: I guess the only distinction is, is if life is required as a minimum sentence based on the PRR, but I think that minimum's 30.
>
> THE COURT: And, let's see - - so he's 52. So just one of those 30 min/man's that you'll be seeking after trial will

|              |                                                                                                                                                                                                                                                                                                                                                      |
|--------------|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|              | - - of course, you'll be looking for life; I recognize that.                                                                                                                                                                                                                                                                                         |
| MR. KOSKINAS: | Judge, based on the offenses that I've read to the Court, a prior bank robbery, prior murder conviction, it doesn't appear that the defendant has any redeeming qualities, and the State in fact would be seeking to remove the defendant from society for the rest of his natural life if convicted at trial, so yes.   (There were unrelated conversations.) |
| THE COURT:   | All right, so and please do and let me pencil this one in on Tuesday, August 12th.                                                                                                                                                                                                                                                                   |
| MR. KOSKINAS: | August 12th.  Thank you, Judge.                                                                                                                                                                                                                                                                                                                     |
| THE COURT:   | Now, you know what?  You have an attempted murder the day before on a Monday with Greg Williams, his name is Chris Walton.                                                                                                                                                                                                                           |
| MR. KOSKINAS: | Chris Walton, yes, sir.                                                                                                                                                                                                                                                                                                                              |
| THE COURT:   | So let me pen this in for Wednesday.                                                                                                                                                                                                                                                                                                                 |
| MR. KOSKINAS: | Yes, sir.  And that is the 13th?                                                                                                                                                                                                                                                                                                                    |
| THE CLERK:   | August 13th for trial?                                                                                                                                                                                                                                                                                                                              |
| THE COURT:   | Right.                                                                                                                                                                                                                                                                                                                                              |
| THE CLERK:   | And remove that 4/22, call it a pretrial date?                                                                                                                                                                                                                                                                                                      |
| THE COURT:   | Right.                                                                                                                                                                                                                                                                                                                                              |
| MR. KOSKINAS: | Wednesday, the 13th.                                                                                                                                                                                                                                                                                                                                |

(There were unrelated conversations.)

| THE COURT: | So I assume, based on Mr. Conner's statements that he won't be making any offers in this case, he |

|                    | wants his jury trial. There's an old saying, "Beware of what you ask for." |
| --- | --- |
| MS. BROWN:         | Thank you, Judge. |
| THE COURT:         | All right. Thank you. |
| THE DEFENDANT:     | Thank you, Your Honor. |

Exhibit A to Petition (Dkt. #1), pp. 24-26.

Conner did not raise this issue in his appeal below and it is, therefore, unexhausted and procedurally barred. Were it not barred, it would fail on the merits.

The statement is not a threat. Conner does not contend that the trial court was biased. And several months after the statement was made, Conner pled no contest to the charges. A plea of no contest has the same legal effect as a guilty plea in Florida. Fla. R. App. P. 9.140(b)(2). A guilty plea forecloses federal habeas review of alleged constitutional errors that occurred prior to the entry of the plea. *Wilson v. United States*, 962 F.2d 996 (11th Cir. 1992). Therefore, ground three has no merit and will be denied.

It is therefore ORDERED AND ADJUDGED that:

1. The petition for writ of habeas corpus (Dkt. #1) is DENIED.

2. The Clerk is directed to enter judgment in favor of Respondents and against the Petitioner, terminate any pending motions, and close this file.

CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

IT IS FURTHER ORDERED that Petitioner is not entitled to a certificate of appealability. A prisoner seeking a writ of habeas corpus has no absolute entitlement to

appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability (COA). Id. "A [COA] may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner has not made the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal in forma pauperis.

**DONE** and **ORDERED** in Tampa, Florida on January 17, 2012.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies Furnished To**:
Counsel/Parties of Record

*F:\Docs\2011\11-cv-165.deny 2254.wpd*